IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>    Plaintiff(s),<br><br>vs.<br><br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,<br><br>    Defendant(s). | No. C 07-0609 TEH (PR)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915 (g) |

Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison and a frequent litigant in the federal courts, has filed a pro se complaint under 42 U.S.C. § 1983 challenging the application of 28 U.S.C. § 1915(g), the three-strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA") by this Court and other district court judges, to his many cases in the federal district courts of California.[1]  This suit alleges a similar cause of action that was earlier dismissed by this Court under Case No. C-04-5313 TEH (PR) under the PLRA and for failure to state a claim.  See, Washington v. United States District Court, No. C 04-5313 TEH (PR) (N.D. Cal. Dec. 20, 2004) (order of dismissal).  In that

---

[1] Since plaintiff filed his first federal prisoner action in 1995, he has filed more than 190 prisoner actions in the federal district courts of California and many appeals in the United States Court of Appeals for the Ninth Circuit according to this Court's review of the PACER U.S. Party/Case Index.

order, this Court also identified three prior claims before it that had been dismissed because they were frivolous, malicious, or fail to state a claim upon which relief may be granted. Plaintiff has neither paid the filing fee nor filed a motion to proceed <u>in forma pauperis</u>. On January 30, 2007, the Clerk of Court informed Plaintiff that failure to pay the filing fee or to file such a motion within thirty days would result in the dismissal of this action.

Under the PLRA, a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Since the Court's earlier 1915(g) dismissal of Plaintiff's 2004 case, the Ninth Circuit has shed light on the requirements for such a dismissal. <u>Andrews v. King</u>, 398 F.3d 1113 (9th Cir. 2005). For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" <u>Id.</u> at 1121 (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Plaintiff has filed hundreds of cases and appeals does not alone warrant dismissal under § 1915(g). <u>See id.</u>  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action,

and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Washington's prior prisoner actions in this Court reveals that Plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Washington v. Cambra, No. C 95-3356 TEH (N.D. Cal. Oct. 2, 1995) (order of dismissal); (2) Washington v. Cambra, No. C 95-3641 TEH (N.D. Cal. Nov. 7, 1995) (order of dismissal); and (3) Washington v. Cambra, No. C 95-3763 TEH (N.D. Cal. Nov. 20, 1995) (order of dismissal); (4) Washington v. United States District Court, No. C 04-5313 TEH (N.D. Cal. Dec. 20, 2004) (order of dismissal). The court made its evaluation of these cases based on the dismissal orders in them. See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In addition to these orders, this Court has also reviewed a decision from

the United States District Court for the Central District of California, <u>Washington v. United States District Court</u>, Case No. 2:01-cv-00716-UA-AJW (CD Cal. Feb. 5, 2001) (order of dismissal as legally and/or factually frivolous) and a decision from the United States District Court for the Eastern District of California, <u>Washington v. United States District Court</u>, Case No. 1:01-mc-00009 (ED Cal. Jan. 24, 2001) (order of dismissal under § 1915(g) and for failure to state a claim).  Plaintiff is notified that the Court also believes these dismissals may be counted as dismissals for purposes of § 1915(g).

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **thirty (30) days from the date of this order** why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative to showing cause why this action should not be dismissed, Plaintiff may avoid dismissal by paying the full $350.00 filing fee by the deadline.

SO ORDERED.

DATED:  02/07/07

THELTON E. HENDERSON
United States District Judge

4