1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODERICK WASHINGTON,                )
                                    )
            Plaintiff(s),            )        No. C 07-0609 TEH (PR)
                                    )
    vs.                             )        ORDER OF DISMISSAL
                                    )
UNITED STATES DISTRICT COURT        )
FOR THE NORTHERN DISTRICT OF        )
CALIFORNIA, et al.,                 )
                                    )
            Defendant(s).           )        (Docket Nos. 4, 5, 6, 7, 10 & 11)
_____    )

    Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison

and a frequent litigant in the federal courts, has filed a pro se complaint under 42

U.S.C. § 1983 challenging the application of 28 U.S.C. § 1915(g), the three-

strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA") by this

Court and other district court judges, to his  many cases in the federal district

courts of California.[1]  This suit alleges a similar cause of action that was earlier

dismissed by this Court under Case No. C-04-5313 TEH (PR) under the PLRA

_____

    [1]  Since plaintiff filed his first federal prisoner action in 1995, he has filed
more than 190 prisoner actions in the federal district courts of California and
many appeals in the United States Court of Appeals for the Ninth Circuit
according to this Court's review of the PACER U.S. Party/Case Index.

and for failure to state a claim.  See, Washington v. United States District Court, No. C 04-5313 TEH (PR) (N.D. Cal. Dec. 20, 2004) (order of dismissal).  In that order, this Court also identified three prior claims before it that had been dismissed because they were frivolous, malicious, or fail to state a claim upon which relief may be granted.  On February 20, 2007, Plaintiff filed a "Request to Proceed Without Prepayment of Filing Fees with Declaration in Support," (Docket No. 4), using a form application of the United States District Court for the Central District of California.  The Court will construe this request as an application to proceed in forma pauperis in this Court.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  And as the text of § 1915(g) makes clear, the court may count as strikes dismissals of district court cases as well as dismissals of appeals.  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).

Since the Court's earlier 1915(g) dismissal of Plaintiff's 2004 case, the Ninth Circuit has shed light on the requirements for such a dismissal.  Andrews v. King, 398 F.3d 1113 (9th Cir. 2005).  For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be

granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Id. at 1121 (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Plaintiff has filed hundreds of cases and appeals does not alone warrant dismissal under § 1915(g). See id. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Here, plaintiff has had three or more prisoner actions/appeals dismissed by this Court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) Washington v. Cambra, No. C 95-3356 TEH (N.D. Cal. Oct. 2, 1995) (order of dismissal); (2) Washington v. Cambra, No. C 95-3641 TEH (N.D. Cal. Nov. 7, 1995) (order of dismissal); and (3) Washington v. Cambra, No. C 95-3763 TEH (N.D. Cal. Nov. 20, 1995) (order of dismissal); (4) Washington v. United States District Court, No. C 04-5313 TEH (N.D. Cal. Dec. 20, 2004) (order of dismissal). The Court made its evaluation of these cases based on the dismissal orders in them. See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In addition to these orders, this Court also reviewed a decision from the United States District Court for the Central District of California, Washington v. United States District Court, Case No. 2:01-cv-00716-UA-AJW (CD Cal. Feb. 5, 2001) (order of dismissal as legally and/or factually frivolous) and a decision from the United States District Court for the Eastern District of California,

1  Washington v. United States District Court, Case No. 1:01-mc-00009 (ED Cal.

2  Jan. 24, 2001) (order of dismissal under § 1915(g) and for failure to state a

3  claim).  The Court also believes these dismissals may be counted as dismissals

4  for purposes of § 1915(g).

5      In light of theses cases, plaintiff therefore may proceed in forma pauperis

6  only if he is seeking relief from a danger of serious physical injury which is

7  "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307,

8  312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th

9  Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v.

10  O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  He is not.

11      Pursuant to the notice requirement of Andrews, 398 F.3d at 1120, Plaintiff

12  was given an opportunity to be heard on the matter before the Court dismissed

13  the action in an Order filed on February 9, 2007, in which Plaintiff was ordered

14  to show cause why this action should not be dismissed pursuant to 28 U.S.C. §

15  1915(g).  Plaintiff's response, filed on March 12, 2007, offers no persuasive

16  argument challenging the validity of the prior dismissals such that the § 1915(g)

17  would not apply and prohibit plaintiff from proceeding in forma pauperis on this

18  action.

19      In the alternative, Plaintiff was notified that he may avoid dismissal by

20  paying the full $350.00 filing fee by the deadline.  He has not.

21

22                    **CONCLUSION**

23      Because plaintiff has had three or more prior dismissals and is not under

24  imminent danger of serious physical injury, his request to proceed in forma

25  pauperis (Docket No. 4) is DENIED, and the instant action is DISMISSED

26  without prejudice pursuant to § 1915(g).

27  ///

28                         4

1        The clerk shall enter judgment in accordance with this order, terminate all

2   pending motions as moot, including Docket Nos. 5, 6, 7, 10 and 11, and close the

3   file.

4   SO ORDERED.

5   DATED:  03/20/08
                                            _____
6                                           THELTON E. HENDERSON
                                            United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            5